IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SPENCER HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 16-cv-3208 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Spencer Harris' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must promptly examine the motion. If it appears from the motion, any attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief, the Court must dismiss the motion. See Rules Governing Section 2255 Proceedings, 4(b). This matter was stayed on July 20, 2016. The Court now lifts the stay. A preliminary review of Petitioner's

motion shows that it must be dismissed because Petitioner is not entitled to relief.

## I. BACKGROUND

On October 10, 2006, following a jury trial, Petitioner was found guilty of the following charges as listed in the second superseding indictment: distributing five or more grams of cocaine base (crack) (Count 1), possession with intent to distribute five or more grams of cocaine base (crack) (Count 2), possession of a firearm by a felon (Count 3), possession of a firearm in furtherance of a drug trafficking (Count 4), and distribution of cocaine (Count 5). See United States v. Harris, United States District Court, Central District of Illinois, Springfield Division, Case No. 06-cr-30058 (hereinafter, Crim.), Second Superseding Indictment (d/e 14); Crim., Jury Verdict (d/e 16). On May 21, 2007, U.S. District Judge Jeanne E. Scott held the sentencing hearing. See Crim., May 21, 2007 Minute Entry.

The Presentence Investigation Report (PSR) determined that Petitioner qualified as a career offender under § 4B1.1 of the Sentencing Guidelines based on two prior felony convictions: (1) a crime of violence, aggravated battery, Sangamon County, Illinois,

Circuit Court, Case No. 88-CF-316; and (2) a controlled substance offense, manufacture/delivery of a controlled substance, Sangamon County, Illinois, Circuit Court, Case No. 89-CF-418. See Crim., PSR ¶ 58 (d/e 44); U.S.S.G. § 4B1.1(a).

At the Sentencing Hearing, the Court found that Petitioner qualified as a career offender. See Crim., May 21, 2007 Minute Entry. Petitioner did not object to the career offender designation. Id. Petitioner's designation as a career offender resulted in an advisory sentencing guideline range of 420 months to life imprisonment, consisting of 360 months to life imprisonment on each of Counts 1, 2 and 5, to run concurrently; 120 months' imprisonment on Count 3, to run concurrently with Counts 1, 2 and 5; and 60 months' imprisonment on Count 4, to run consecutively to the sentences imposed on Counts 1, 2, 3 and 5. Judge Scott sentenced Petitioner to 460 months, consisting of 400 months on Counts 1, 2 and 5 and 120 months on Count 3 all to run concurrently with each other, and 60 months on Count 4 to run consecutively to Counts 1, 2, 3, and 5. See Crim., Judgment (d/e 42).

Petitioner appealed, claiming the district court made several erroneous evidentiary rulings, which deprived him of a fair trial. The Seventh Circuit affirmed the judgment of the district court and dismissed the appeal. United States v. Harris, 536 F.3d 798, 813 (7th Cir. 2008). The mandate issued on August 28, 2008. See Crim., Mandate (d/e 61).

In August 2009, Petitioner filed his first § 2255 Motion. See Harris v. United States, United States District Court, Central District of Illinois, Springfield Division, Case No. 09-3201. Petitioner argued his Fifth and Sixth Amendment rights were violated because the District Court improperly allowed the Indictment to be amended, his Sixth Amendment rights were violated because he received ineffective assistance of counsel at trial and on appeal, and his rights were violated when the Court improperly included an enhancement in the Sentencing Guideline calculation for possession of a weapon in connection with a drug offense. See Harris, Case No. 09-3201, Motion at 5-11 (d/e 1); Motion to Amend at 1-2 (d/e 4). The Court denied the Motion as amended in July 2010.

In June 2016, Petitioner sought permission from the Seventh Circuit to file a successive § 2255 Motion. Petitioner sought to challenge his sentence under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. <u>Johnson</u>, 135 S. Ct. at 2563; 18 U.S.C. § 924(e)(2)(B)(ii) (the ACCA "residual clause") (defining the term "violent felony" to include "conduct that presents a serious potential risk of physical injury to another"). The Seventh Circuit authorized this Court to consider Petitioner's <u>Johnson</u> claim, along with the government's defenses. Crim. (d/e 1-1).

On July 18, 2016, Petitioner filed the § 2255 Motion at issue herein. Petitioner makes two claims (1) he challenges his sentence under <u>Johnson</u> because the Court may have relied on the residual clause of the sentencing guidelines to determine that his aggravated battery conviction qualified as a crime of violence for purposes of the career offender designation under § 4B1.2(a)(2); and (2) his Sixth Amendment rights were violated because he received ineffective assistance of counsel at sentencing when his counsel failed to object to his designation as a career offender. See

Motion (d/e 1). This Court appointed the Federal Public Defender's Office to represent Petitioner and stayed Petitioner's case pending the Seventh Circuit's resolution of the effect of Johnson on the identically worded residual clause in the career offender guideline.[1] See July 20, 2016 Text Order.

In August 2016, the Seventh Circuit held that Johnson applied to the guidelines. United States v. Hurlburt, 835 F.3d 715, 725 (7th Cir. 2016) (applying Johnson and holding that the residual clause in § 4B1.2(a)(2) was unconstitutionally vague). But, on March 6, 2017, the United States Supreme Court decided Beckles v. United States, holding that the "advisory Guidelines are not subject to vagueness challenges under the Due Process Clause" and that the residual clause in § 4B1.2(a)(2) is not void for vagueness. 137 S. Ct. 886, 890 (2017) (also abrogating Hurlburt).

## II. ANALYSIS

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief

---

[1] Pursuant to Amendment 798 to the Guidelines, effective August 1, 2016, the Sentencing Commission deleted the residual clause contained in U.S.S.G. § 4B1.2(a)'s definition of a "crime of violence." Harris was classified as a career offender using the previous version of the guidelines.

under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007).

Here, Petitioner's Johnson claim is foreclosed by the decision in Beckles. Petitioner challenges his designation as a career offender based on his prior conviction of aggravated battery to the extent that it qualified as a crime of violence under the Guidelines' residual clause. In light of Beckles, the "advisory Guidelines are not subject to vagueness challenges under the Due Process Clause" and that the residual clause in § 4B1.2(a)(2) is not void for vagueness. 137 S. Ct. 886, 890 (2017). Accordingly, Petitioner's Johnson claim must be denied.

Petitioner's § 2255 motion also raises a claim of ineffective assistance of counsel based on his defense counsel's failure to object to his classification as a career offender in the PSR. See Motion at 16 (d/e 1). However, the claim is untimely raised. A one-year period of limitation applies to § 2255 petitions. 28 U.S.C. § 2255(f). Petitioner's conviction became final more than a year before his filing (§ 2255(f)(1)). Petitioner's conviction became final on November 26, 2008, which is 90 days after the Seventh Circuit

issued the decision on Petitioner's unsuccessful appeal. See Clay v. United States, 537 U.S. 522, 525 (2003) (when a defendant takes an unsuccessful direct appeal, the one-year period begins to run when the time for filing a petition for certiorari expires); Sup. Ct. R. 13.1 (requiring a petition for certiorari be filed within 90 days after entry of judgment); Crim., Mandate (d/e 61) (issued August 28, 2008). Petitioner's § 2255 Motion filed in June 2016 was clearly filed beyond one-year from the date the conviction was final. Moreover, the other three possible ways to calculate timeliness do not apply: Petitioner does not allege any government action prevented him from making a motion (§ 2255(f)(2)), that a new right exists (§ 2255(f)(3)), or that he recently discovered, through the exercise of due diligence, facts supporting the ineffective assistance of counsel claim (§ 2255(f)(4)).

Even if the claim was timely filed, it must be denied because counsel is not ineffective for failing to predict a potential change in the law. To succeed on a claim of ineffective assistance, a § 2255 petitioner must show: (1) that his attorney's performance fell below an objective standard of reasonableness; and (2) that he suffered prejudice as a result. Wyatt v. United States, 574 F.3d 455, 457–

58 (7th Cir. 2009) (citing Strickland v. Washington, 466 U.S. 668, 687–88 (1984)). At the time of sentencing, the residual clauses in the ACCA and the sentencing guidelines were not void for vagueness. So, counsel's performance could not have been objectively unreasonably for failing to challenge the career offender designation on these grounds. Further, there was no prejudice because, after Beckles, such a challenge would be foreclosed. Accordingly, Petitioner's ineffective assistance of counsel claim must be dismissed as well.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a certificate of appealability.

## IV. CONCLUSION

The Court lifts the stay. Because it plainly appears from the Motion and the record of the prior proceedings that Petitioner is not entitled to relief, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is SUMMARILY DISMISSED. The Clerk is DIRECTED to notify Petitioner of the dismissal. The Court also denies a certificate of appealability. THIS CASE IS CLOSED.

**ENTER: December 13, 2017**

**FOR THE COURT:**
                            s/ Sue E. Myerscough
                            **SUE E. MYERSCOUGH**
                            **UNITED STATES DISTRICT JUDGE**